# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FELTON L. MATTHEWS, JR.,

    Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Case No. 2:12-CV-00109-JCM-(CWH)

**ORDER**

    The court dismissed this action for failure to state a claim. Order (#17). Plaintiff has submitted a motion for reconsideration (#20) and a supplement (#21), pursuant to Rule 60 of the Federal Rules of Civil Procedure. The court denies the motion.

    Much of the motion is a disagreement with the court's ruling. To the extent that plaintiff is dissatisfied with the court's ruling, his contentions are "appropriate for appellate review as opposed to Rule 60(b) relief." McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir. 1987). See also Plotkin v. Pacific Tel. and Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982).

    Plaintiff raises some arguments that the court will address. First, plaintiff argues that the defendants who are court clerks have no immunity. The court ultimately did not rule that any defendant is immune from suit. Instead, the court ruled that none of plaintiff's counts stated claims upon which relief could be granted.

    Second, with respect to count I, the court ruled that plaintiff's late receipt of the answer to his state habeas corpus had no effect upon the outcome of the action because plaintiff had no right to file a reply to the answer and because, ultimately, the Nevada Supreme Court determined on appeal

that the petition was untimely and successive. Order, p. 3 (#17) (citing Nev. Rev. Stat. § 34.750(3)). In the supplement, plaintiff now claims that the respondents had filed a motion to dismiss, to which he did have the right to file an opposition. Supplement, p. 1 (#21) (citing Nev. Rev. Stat. § 34.750(4)). Plaintiff cannot change the nature of his claim in a motion for reconsideration simply to avoid the effect of the court's ruling. Plaintiff used the term "answer," and the court's ruling was a correct statement of Nevada law.[1] Furthermore, even if the respondents did file a motion to dismiss, plaintiff had the opportunity to address the matter in his appeal. Nothing in plaintiff's arguments changes the court's ruling.

Third, plaintiff argues that this court should defer to its findings in Matthews v. LeGrand, Case No. 3:08-CV-00322-LRH-(RAM) (Matthews I), and to the findings of the United States Court of Appeals for the Ninth Circuit in Matthews v. LeGrand, Case No. 10-16745 (Matthews II). In Matthews I, this court adopted the findings of the magistrate judge (#210), who in turn determined that plaintiff was not deprived of his right of access to the courts. In Matthews II, the court of appeals dismissed the appeal because plaintiff did not pay the filing fee. The court of appeals made no final ruling upon the merits. These actions do not change the court's ruling.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (#20) is **DENIED**.

DATED:   April 2, 2012.

_____
JAMES C. MAHAN
United States District Judge

---

[1] This is not a matter of the court failing to liberally construe plaintiff's allegations. The terms "answer" and "motion to dismiss" have different meanings in Nevada post-conviction law. The court would be rewriting plaintiff's claim if it assumed that plaintiff meant "motion to dismiss" instead of "answer."

-2-